GARBARINI FITZGERALD P.C.
250 Park Ave., 7th Fl.
New York, NY 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SIMON J. BURCHETT PHOTOGRAPHY, INC.,   Case No.: 19-cv-8703

**ECF CASE**

v.

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

JOC GROUP, INC.,

              Defendant.
-----------------------------------------------------------------x

      Plaintiff Simon J. Burchett Photography, Inc., by and through the undersigned counsel, brings Complaint and Jury Demand against JOC Group, Inc. for damages based on copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act"); and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-03 (the "DMCA").  Plaintiff alleges below upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION

      1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

      2.     This Court has in personam jurisdiction over the defendant pursuant to CPLR 301 based on the fact that defendant's corporate headquarters is in this Judicial District.

## VENUE

3. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

4. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

5. There is no due process concern in light of the fact that defendant resides in this Judicial District.

## PARTIES

6. At all times material hereto, plaintiff Simon J. Burchett Photography, Inc. ("BURCHETT") was, and is, a corporation organized under the laws of the State of New York with a principal place of business in Manhattan, New York.

7. Upon information and belief, defendant JOC Group, Inc. ("JOC") was, and is, a Delaware corporation with a principal place of business located at 450 West 33rd St, 5th Fl., New York, NY 10001.

## FACTS

8. Plaintiff is owned by world-renowned photographer Simon J. Burchett.

9. Mr. Burchett has been honored with many photography awards and accolades.

10. Plaintiff is the beneficial owner, by assignment, of all copyrighted images captured by Mr. Burchett including the subject image here of the containership CSCL Zeebrugge titled _L4A3082.  This image is registered on U.S. Copyright Registration VA 2-036-532 (the "CSCL Image"). See **Exhibit 1**.  The assignment of the U.S. Copyright Registration  has been assigned to plaintiff, and such assignment has been recorded with U.S. Copyright Office. See **Exhibit 2**.

11. The Copyrighted Image is below.



12. Defendant claims on its website located at <www.joc.com> that it:

> "is the authoritative provider of business intelligence, data and events covering the global container shipping and logistics market. Through its PIERS and JOC products - online, print and events - JOC Group Inc. provides the access, intelligence, insight and support which enable our customers to establish and maintain critical customer connections and make informed decisions to compete effectively in the global marketplace. JOC.com is the leading information portal providing a mix of editorially created content and pertinent visualized data combining over 200 different data sets. JOC Group's leading industry events include TPM (held annually in Long Beach, CA), TPM Asia and JOC Inland Distribution. Through PIERS, the world's most comprehensive database of U.S. waterborne trade, international businesses from transportation, chemical, energy and finance sectors analyze unique intelligence to inform critical business decisions."

See <www.joc.com/about-us-0> (last viewed on September 19, 2019).

13. Defendant operates a subscription service for access to its information.

14. Defendant, without license or authority from plaintiff, copied the Copyrighted Image to its server at <http://www.joc.com/sites/default/files/resize/field_feature_image/9600teu-cscl_zeebrugge-2-700x428.jpg>.

15. Defendant, without license or authority, then distributed or publicly displayed the Copyrighted Image through its website in an article titled "CSCL expects $430 million loss in 2015". This appears on defendant's website at < http://www.joc.com/maritime-news/container-lines/china-shipping-containerlines/cscl-expects-430-million-loss-2015_20160125.html>. See below:



16. In or about October 2016, plaintiff discovered defendant's unlicensed use of the Copyrighted Image after significant due diligence.

17. Plaintiff served notice on defendant to cease and desist in November 2016.

18. Defendant refused to comply, and did not remove the Copyrighted Image from its server and website.

19. The Copyrighted Image is identical to the image on defendant's website.

20. Defendant's use was not transformative.

21. At no time did defendant obtain a license or other authority to reproduce or distribute the Copyrighted Image.

22. By copying, distributing, and publicly displaying the Subject Article, defendant infringed plaintiff's rights provided under Section 106 of the Act and elsewhere.

23. Plaintiff has been injured by defendant in an amount to be determined at trial.

## DMCA VIOLATIONS

24. Defendant knowingly and with the intent to induce, enable, facilitate, or conceal its infringements circumvented the copyright management technological safeguards embedded by plaintiff in each image.

25. Defendant copied, distributed, or publicly displayed copies of the Copyrighted Image knowing the copyright management information had been removed or altered without authority of the copyright owner or the law.

26. Each upload by defendant was a violation of the DMCA.

27. Plaintiff has been injured by the forgoing, and is entitled to its actual damages and defendant's profit, or the election of statutory damages of up to $25,000 for each of defendant's violation of the DMCA.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

28. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

29. It cannot be disputed that the plaintiff has a valid, registered copyrights, and owns all rights to the Copyrighted Image.

30. Defendant, without authority from plaintiff, reproduced, publicly displayed, and/or publicly distributed plaintiff's Copyrighted Image.

31. Defendant has intentionally infringed (pursuant to Section 504(c)) plaintiff's exclusive rights set forth in Section 106 of the Act, and elsewhere.

32. Defendant's use of the Copyrighted Image was not for criticism, comment, news reporting, teaching, scholarship, or research.

33. Defendant's use was not transformative.

34. Defendant continued to distribute and/or publicly display the Copyrighted Images after notice.

35. As a direct and proximate result of defendant's infringement, plaintiff has incurred damages, and requests an award of plaintiff's actual damages, defendant's profit in excess of plaintiff's actual damages, plus costs, and pre-post judgment interest.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA

36. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

37. Section 1201(a) of the DMCA states: "No person shall circumvent a technological measure that effectively controls access to a work protected under this title."

38. Defendant, with mal-intent, circumvented plaintiff's technology which disabled the right-click copy tool.

39. There are over twenty instances where defendant uploaded unlicensed, unprotected images of plaintiff without the permission of plaintiff.

40. Section 1202(b) of the DMCA provides, in part: "(b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright

management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b).

41. Copyright management information is defined as: "(c) Definition.-As used in this section, the term 'copyright management information' means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright." 17 U.S.C. § 1202(c).

42. Plaintiff permanently embedded CMI in every one of the Copyrighted Images. The embedded CMI at issue here included, the author's name, website, copyright owner, date and time the data was registered, and the title of the image.

43. Defendant failed to state the author of the Copyrighted Image, the title, or copyright owner even after it was put on notice.

44. The defendant violated the DMCA each time it wrongfully uploaded plaintiff's Copyrighted Image to its website or server.

45. Defendant did the forgoing with the intent to conceal the infringement.

46. Plaintiff seeks all damages it suffered as a result of the violations, and any profits of defendant that are attributable to the violations and not taken into account in computing the actual damages.

47. Alternatively, plaintiff may elect to recover an award of statutory damages for each violation of sections 1201(a) and 1202(b) in the sum of not less than $2,500, or more than $25,000, per violation plus its reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's actual losses;

2. compensatory damages in an amount to be ascertained at trial;

3. reasonable attorneys' fees and costs;

4. pre- and post-judgment interest to the extent allowable;

5. statutory damages under the DMCA of $25,000 per instance; and,

6. such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: September 19, 2019　　　　　　**GARBARINI FITZGERALD P.C.**
　　　　　New York, New York

By: /s/ Richard M. Garbarini
　　　Richard M. Garbarini (RG 5496)

8